# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 27, 2019

158052 & (56)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

UNIVERSITY OF MICHIGAN REGENTS,
        Plaintiff-Appellant,

v

VICTOR P. VALENTINO, J.D., P.C.,
        Defendant-Appellee.

SC:  158052
COA:  339198
Washtenaw CC:  16-001122-CK

_____/

On order of the Court, the motion to respond to amici briefs is GRANTED.  The application for leave to appeal the May 29, 2018 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the Court of Appeals judgment.  The Court of Appeals found this Court's decision in *Covenant Med Ctr, Inc v State Farm*, 500 Mich 191 (2017), "dispositive." *Covenant* held that a healthcare provider possesses no statutory cause of action against an insurer for recovery of PIP benefits.  Plaintiff is a healthcare provider.  But the plaintiff is not seeking payment from an insurance provider for no-fault benefits under a statutory no-fault theory.  Rather, the plaintiff's complaint alleges a common-law tort— conversion—against the defendant, an attorney, based on the defendant's retention of one-third of the funds from a check that was made payable directly to *both* plaintiff and defendant.  Although a healthcare provider has no statutory cause of action against an insurer to compel payment under the no-fault act, the act permits insurers to directly pay healthcare providers on the injured person's behalf.  MCL 500.3112.  The insurer did so here.  "[I]f an instrument is payable to 2 or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced *only by all of them*."  MCL 440.3110(4) (emphasis added).  Thus, the plaintiff, as joint payee, had a right to control the funds.  *Covenant* is not dispositive on the question presented here.  We REMAND this case to the Washtenaw Circuit Court for further proceedings not inconsistent with this order.

BERNSTEIN, J., did not participate due to a familial relationship.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 27, 2019



s0320

Clerk